## Post Appeal.

Argued April 11, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*William T. Connor,* with him *Hardie Scott,* for appellant.

*Samson B. Bernstein,* for appellee.

Opinion per Curiam, May 22, 1950:

On April 26, 1949, the court below decreed that Anna M. Post was unable, owing to weakness of mind, to take care of her property, and accordingly it appointed a guardian for her estate. She was then 59 years of age and was temporarily confined in the Philadelphia General Hospital to which she had been admitted on January 28, 1949. She had always been a hardworking woman and had never dissipated or squandered any of her property. The decree was based solely on the testimony of a Dr. Tornay, a pyschiatrist who had examined her and who stated that she was suffering from a paranoid schizophrenia and was likely to become the victim of designing persons. On May 28, 1949, she was discharged from the hospital and promptly obtained employment as a looper with a hosiery manufacturing concern. On October 18, 1949, she filed a petition for the vacation of the court's decree. In addition to her own testimony that "she could certainly" take care of her own property and that she had always been saving and economical, the court heard two witnesses, one of whom was a Dr. Maser, a practicing physician who, as the result of an examination of Mrs. Post, stated that she was, in his opinion, "in a very sane state of mind" and should be able to take care of her property; the other was the very Dr. Tornay on whose testimony she had been originally adjudged weak-minded and who, having given her another examination, testified that while she was a "definite paranoid type of personality and had not completely recovered" she was, in his opinion, capable at the present time of managing her own affairs and would not become the victim of designing persons. Notwithstanding that

all the evidence, therefore, was to the effect that a guardian was no longer necessary and that Mrs. Post's property could safely be returned to her, the court dismissed her petition. In view of the uncontradicted testimony we find no justification for the court's action; the petition should have been granted, and the failure to do so was an abuse of the court's discretion. However, the proper order would be, not a vacation of the decree of April 26, 1949, but, in accordance with Section 7 of the Act of May, 28, 1907, P. L. 292, a decree that the petitioner had regained her ability to take care of her property and that therefore the guardian was discharged.

The order dismissing the petition is reversed, and the record is remanded to the court below with direction to enter a decree in accordance with this opinion; costs to be paid out of the petitioner's estate.